UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D'ANDRE WHITLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:16 CV 01537 JMB |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

Petitioner D'Andre Whitley ("Whitley") previously filed a *pro se* petition, seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (ECF No. 1) Whitley has filed a motion asking that he be released on bail pending a determination on the petition. (ECF No. 14) All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). The Court concludes that the matter of Whitley's motion to be released on bail may be resolved on the existing record. The Court further concludes that the motion will be denied.

**I.** **Background**

On February 29, 2012, a jury in the City of St. Louis, Missouri, convicted Whitley of assault in the first degree, first degree burglary and two companion counts of armed criminal action. On the basis of these convictions, the trial court sentenced Whitley as a prior and persistent offender to 20 years in prison.

These charges stemmed from the shooting of Kelvin Nelson in 2010. At trial, Whitley was represented by Robert Taaffe. Approximately ten months prior to trial, the prosecution filed a motion to disqualify Mr. Taaffe on the basis that he had represented Nelson on several prior occasions in unrelated matters. (Resp. Ex. D at 21) It does not appear from the record that

Whitley joined this motion, attempted to terminate Taaffe's representation, or expressed any reservations regarding his trial counsel prior to or during the trial. The trial court denied the motion. (Id. at 25)

Whitley raised the issue of his trial counsel's conflict of interest in his post-conviction relief ("PCR") filings under Rule 29.15. (Resp. Ex. F at 8, 14) Whitley filed both a Motion to Vacate, Set Aside or Correct the Judgment or Sentence Pursuant to Rule 29.15 (Id. at 6) and an amended motion (Id. at 12). Both pleadings (apparently mistakenly) refer to prosecution witness Robert Turner, rather than Nelson, as the source of Taaffe's alleged conflict.

At the evidentiary hearing on the PCR motion, Whitley's PCR counsel attempted to orally amend the motion to refer to Nelson in the conflict-of-interest claim. (Resp. Ex. J at 5-6) The PCR court reserved ruling on the issue of amendment and allowed Whitley to adduce evidence on the issue of Taaffe's possible conflict with Nelson. (Id. at 6) In the end, the PCR court found that any issue of a conflict of interest regarding Nelson had been waived by failing to timely raise the issue in either the original or amended Rule 29.15 Motion. (Resp. Ex. F at 66) The PCR court also found that the claim failed to establish an actual conflict of interest on the merits, as none of Taaffe's prior representations of Nelson were related to Whitley or were active at the time of trial. (Id.) The Missouri Court of Appeals, in reviewing the PCR proceedings, agreed with both of these conclusions and denied relief. (Resp. Ex. I at 5-6)

Whitley filed his Petition for habeas review in September 2016. (ECF No. 1) In it, he submits five grounds on which he alleges his constitutional rights were violated. Two of the grounds involve trial counsel's alleged conflict of interest— Ground Three (alleging that the trial court erred in failing to disqualify Taaffe due to his previous representation of the victim), and Ground Five (asserting that Taaffe was ineffective due to the alleged conflict). (Id. at 8 and 16) These two grounds form the basis of Whitley's instant motion.

## II. Legal Standard

Whitley has filed a motion requesting that he be released on bail from the custody of the State of Missouri during the pendency of his habeas petition. Although there is no specific statutory authorization, it is within the inherent power of federal courts to release a state prisoner on bond pending decision on an application for a writ of habeas corpus. Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986) citing In re Wainwright, 518 F.2d 173, 174 (5th Cir.1975). Such an action "requires the habeas petitioner to show not only a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts" as well as "the existence of some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice." Id. As a result, courts very rarely grant such requests.

## III. Analysis

In the instant matter, Whitley's motion does not meet the standard required for the Court to grant bail during the pendency of the petition. The grounds discussed by Whitley in his motion do not present a clear case on either the law or the facts, nor does Whitley demonstrate any special circumstances that merit different treatment than the normal habeas process.

As an initial matter, there is a significant question as to whether the conflict-of-interest grounds are even properly before the Court, as they may have been procedurally defaulted. At trial, Whitley did not join the prosecution's motion to disqualify Taaffe or attempt to terminate his representation. This raises the question of whether Whitley waived his argument that the trial court erred in failing to grant the motion. The ineffective-assistance-of-counsel version of the claim may also be procedurally barred. In both his original motion for post-conviction relief and the amended version, Whitley identified Robert Turner as the source of Taaffe's alleged conflict.

It was not until the PCR evidentiary hearing, after the time specified for amendment, that counsel attempted to correct this apparent oversight via oral motion. Both the PCR court and the subsequent appellate panel found that Whitley's allegations regarding a conflict of interest involving Taaffe and Nelson were therefore waived, although each proceeded to address the merits of the claims anyway. There is a high likelihood that Whitley's related grounds will be rejected as procedurally defaulted; therefore, he does not present a clear case that he will be entitled to relief on these grounds.

Further, Whitley has not presented a clear case on the facts. It appears that Taaffe's prior representation of Nelson was wholly unrelated to either Whitley or the events underlying the charges in this case. It had been in excess of three years since Taaffe represented Nelson. Whitley also fails to identify what effect the alleged conflict of interest had on Taaffe's representation or the conduct of the trial.

Whether the grounds which form the basis of this motion are procedurally defaulted or not, they are not likely to succeed. Both grounds were raised in the various proceedings before the Missouri Court of Appeals, which reviewed the same arguments and rejected them. Whitley's habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1217. The AEDPA requires review of a petitioner's claims that is "limited and deferential" to the state court's decisions. <u>Lomholt v. Iowa</u>, 327 F.3d 748, 751 (8th Cir. 2003). The Court will afford such deference to the Missouri Court of Appeals' decisions on the issues of conflict of interest, further reducing Whitley's probability of eventual success on these grounds in the Court's full review of the petition.

Finally, Whitley has not alleged any extraordinary circumstances which merit the "special treatment" of a federal court conditionally releasing him from state custody after he has

been convicted of multiple crimes. As the Eighth Circuit noted in Martin, "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding." 801 F.2d at 330.

### IV. Conclusion

The Court concludes that Whitley is not entitled to release on bond during the pendency of his petition for federal habeas relief on the grounds presented in his motion. He has failed to establish that he has a clear case on either the law or the facts with regard to his conflict-of-interest claims. He has also failed to show what special circumstances would merit such treatment even had he a clearly meritorious case.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Release on Bail From the Department of Corrections Pending Disposition of Habeas Petition (ECF No. 14) is **DENIED**.

Dated this 9th day of June, 2017.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE