UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D'ANDRE WHITLEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:16 CV 1537 (JMB) |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

On May 7, 2019, the Court denied petitioner's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 16th, petitioner filed a document entitled "Objection to the Magistrate Judge's Recommended Disposition." The Court exercised jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) after obtaining the consent of the parties and issued a final order rather than a Report and Recommendation to a district judge. Accordingly, the Court deems petitioner's filing to be a motion for reconsideration. Respondent has not filed a response.

**I.  Legal Standard**

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure but can be addressed as arising under Rule 59(e) or 60(b). Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006); Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see also Harris v. United States, No. 4:18-CV-1546-JAR, 2018 WL 6305593, at *1 (E.D. Mo. Dec. 3, 2018) (motion to reconsider "can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b)"). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence, and allow a court to correct its own mistakes in the time immediately following judgment. Id. (citing Innovative

Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rule 59(e) motions cannot be used to relitigate old matters or to raise new arguments, tender new legal theories, or present evidence that could have been offered or raised before the entry of judgment. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008). A Rule 59(e) motion "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Barnett v. Roper, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (internal quotation marks and citation omitted) (emphasis in original). Rule 60(b) allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." MIF Realty L.P. v. Rochester Associates, 92 F.3d 752, 755 (8th Cir. 1996). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc., 320 F.3d 809, 815 (8th Cir. 2003).

**II. Discussion**

As set forth in the Memorandum and Order entered on May 7, 2019 [Doc. # 22], petitioner was one of several friends gambling in a private home in the early morning hours of October 23, 2010. Following a physical confrontation with Kelvin Nelson, petitioner made verbal threats and then drove away. He returned a few minutes later with a firearm. He opened the front door and began shooting at Nelson, hitting him in the arm and stomach. He then left the residence. A jury convicted petitioner of first-degree assault, first-degree burglary, and two counts of armed criminal action. He was sentenced to a total of 20 years in prison.

Petitioner asserted five claims in his habeas corpus petition: (1) the trial court erred in refusing his proffered instruction on the lesser-included offense of second-degree assault; (2) there was insufficient evidence to convict him of first-degree burglary; (3) the trial court erred in

denying the State's motion to disqualify defense counsel due to a conflict of interest; (4) trial counsel rendered ineffective assistance by failing to call an alibi witness; and (5) trial counsel failed to obtain a waiver of the conflict of interest. The Court found that the claims presented in Grounds 3 and 5 were procedurally defaulted and that petitioner failed to establish that he was entitled to relief on the remaining claims.

After careful consideration of petitioner's present motion, the Court finds there was no manifest error of law or fact. To the extent that petitioner relies on arguments already considered and rejected by the Court, he is not entitled to relief under Rules 59(e) or 60(b). Equally unavailing are his efforts to set aside procedural default by asserting for the first time that post-conviction counsel was ineffective. Finally, petitioner submits for the first time police reports to support his contention that he did not illegally enter the home and therefore did not commit first-degree burglary. These exhibits were available to him at the time he filed this case and thus do not constitute new evidence for the purposes of his motion.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Objection to the Magistrate Judge's Recommended Disposition," deemed to be a motion for reconsideration [Doc. # 24], is **denied**.

                                                         /s/ *John M. Bodenhausen*
                                                         JOHN M. BODENHAUSEN
                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of June, 2019.